UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEMETRIUS BURROUGHS,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-1810 (RMC) |
| **UNITED STATES MARSHAL,**[1] | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, brought this action alleging that the United States Marshal Service violated his constitutional rights. Defendant has moved to dismiss. Because Plaintiff has failed to exhaust his administrative remedies prior to filing suit, the motion will be granted and the case dismissed.

### I. Background

Plaintiff alleges that while he was in the "bullpen" at the Superior Court of the District of Columbia he witnessed a United States Marshal beating a fellow prisoner. Complaint ("Compl."), p. 5. Plaintiff contends that the Marshal noticed Plaintiff was present during the beating. *Id.* Thereafter, seven United States Marshals allegedly entered the bullpen and beat Plaintiff. *Id.* As a result, one of Plaintiff's hands felt "dead" and his legs were in pain. *Id.* Plaintiff was given medical attention four months later. *Id.*

### II. Standard of Review

In ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations

---

[1] While the complaint names the "United States Marshal" as the Defendant in this case, the Defendant actually is the United States Marshal Service.

as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### III. Analysis

Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, district courts have jurisdiction over claims arising from torts committed by federal employees in the scope of their employment. *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001). The FTCA is the exclusive remedy for torts committed by federal employees. *United States v. Smith*, 499 U.S. 160, 163 (1991).[2] The statute bars claimants from bringing suit until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The exhaustion requirement is jurisdictional. *Id.*

In order to exhaust administrative remedies under the FTCA, a plaintiff must have presented the agency with a claim describing the injury with particularity setting forth a "sum certain" of damages, and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the claim's filing. 28 U.S.C. § 2675(a). Plaintiff has not alleged that he presented a claim to the Defendant or that he exhausted these administrative remedies.

---

[2] Although Plaintiff filed this action under 42 U.S.C. § 1983, that statute does not apply to federal officers acting under color of law. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *Ranger v. Tenet*, 274 F.Supp. 2d 1, 6 (D.D.C. 2003). Plaintiff's claim cannot be reasonably construed as one under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because Plaintiff has not named as a defendant any individual federal employee who directly and personally participated in the alleged constitutional violation. *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997). Moreover, supervisory officials cannot be liable on a *Bivens* claim based on the doctrine of *respondeat superior*. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).

Accordingly, the Court lacks subject matter jurisdiction over Plaintiff"s complaint, and it will be dismissed.

An appropriate order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: March 8, 2006